Tyler Paetkau, State Bar No. 146305
Email: tyler@paetkaulg.com
Kathy Huynh, State Bar No. 233314
Email: kathy@paetkaulg.com
Olga Savage, State Bar No. 252009
Email: olga@paetkaulg.com
Paetkau Law Group, APC
2995 Woodside Road, Ste. 400-467
Woodside, CA 94062
Tel: (650) 647-1678

Attorneys for Defendant
Apple Cinemas Van Ness Inc

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZELL TERELL PINTILY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE CINEMAS VAN NESS INC, a Delaware corporation; and DOES 1through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT APPLE CINEMAS VAN NESS INC PURSUANT TO 28 U.S.C. §§ 1331, 1332, AND 1446(C)(2)(A)**<br><br>Complaint Filed: May 29, 2026<br><br>(San Francisco Superior Court Case No. CGC-26-637463) |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Apple Cinemas Van Ness Inc ("Apple Cinemas" or "Defendant") by and through its counsel, invokes the Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1446(c)(2)(A), and removes this action from the Superior Court of the State of California for the County of San Francisco. As grounds for removal, Defendant states as follows:

## I. COMPLAINT AND TIMELINESS OF REMOVAL

1. On or about May 29, 2026, Plaintiff LIZELL TERELL PINTILY ("Plaintiff") filed a civil complaint against Apple Cinemas in the Superior Court of the State of California for the County of San Francisco, *LIZELL TERELL PINTILY, individually, and on behalf of all others similarly situated, Plaintiff, v. APPLE CINEMAS VAN NESS INC, a Delaware corporation; and DOES 1through 10, inclusive, Defendants.,* Case No. CGC-26-637463 (the "Complaint"). Plaintiff's putative class Complaint sets forth the following causes of action: (1) Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; (3) Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512]; (4) Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code § 226.7]; (5) Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802]; (6) Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203]; (7) Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and (8) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, *et seq*.].

2. Apple Cinemas denies the material allegations of the Complaint. On August 6, 2026, Apple Cinemas filed an Answer to the Complaint in the San Francisco County Superior Court, generally denying the Complaint's material allegations and asserting various Affirmative Defenses.

3. The Court has original jurisdiction over this Action under diversity jurisdiction. The diversity statute grants the Court original jurisdiction over this Action because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states, California and Delaware. 28 U.S.C. § 1331. Consequently, the Court has original jurisdiction over Plaintiff's claims under diversity jurisdiction.

/ / /

## II. PROCEDURAL HISTORY

4. On May 29, 2026, Plaintiff filed a putative class action complaint in the Superior Court of California, County of San Francisco (the "State Court"), entitled *LIZELL TERELL PINTILY, individually, and on behalf of all others similarly situated, Plaintiff, v. APPLE CINEMAS VAN NESS INC, a Delaware corporation; and DOES 1 through 10, inclusive, Defendants*, Case No. CGC-26-637463 (the "Complaint"). In the Complaint, Plaintiff purports to sue on his own behalf and on behalf of "all others similarly situated" (caption), and asserts the "First through Eighth Causes of Action individually and as a class action on behalf of himself and certain current and former employees of Defendants (hereinafter collectively referred to as the 'Class' or 'Class Members' and defined more fully below)." *See* Complaint, ¶2, attached as **Exhibit A**. In his unverified Complaint, Plaintiff identifies the putative class as "Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employee during the statute of limitations period applicable to the claims pleaded here." Complaint, ¶2.

5. On behalf of himself and the proposed class, Plaintiff alleges the following causes of action against Apple Cinemas: (1) Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; (3) Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512]; (4) Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code § 226.7]; (5) Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802]; (6) Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203]; (7) Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and (8) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, *et seq*.].

6. On the same day, Plaintiff filed a Civil Case Cover Sheet with the Clerk of the State Court. *See* attached **Exhibit B**. In his Civil Case Cover Sheet, Plaintiff alleges that this case is "complex" under Rule 3.400 of the California Rules of Court, averring that it involves "[l]arge number of separately represented parties," "[e]xtensive motion practice raising difficult or novel issues that will be time-consuming to resolve," "[s]ubstantial amount of documentary evidence," "[l]arge number of witnesses," and "[s]ubstantial postjudgment judicial supervision." In the same Civil Case Cover Sheet, Plaintiff prays for the following specific remedies: monetary, nonmonetary declaratory or injunctive

relief, and punitive damages. Plaintiff's Civil Case Cover Sheet also invoked the State Court's "unlimited" jurisdiction and checked a box indicating that the "Amount demanded exceeds $35,000."

7. On the same day, the Court issued a Notice to Plaintiff. *See* attached **Exhibit C**.

8. On June 24, 2026, the Clerk of the State Court issued a Summons. *See* attached **Exhibit D**.

9. On or about July 9, 2026, Plaintiff purportedly served Apple Cinemas with the Summons and Complaint. *See* attached **Exhibit E**.

10. On August 6, 2026, Apple Cinemas filed an Answer to the Complaint in the State Court, generally denying the Complaint's material allegations and asserting various Affirmative Defenses. *See* attached **Exhibit F**.

11. On July 24, 2026, the State Court issued an Order denying Plaintiff's complex designation on the ground that Plaintiff failed to file an application requesting designation. Attached as **Exhibit G** is a true and correct copy of the State Court's docket in this action. To Apple Cinemas' knowledge, no further process, pleadings or orders related to this case have been filed in, or issued by, the State Court, or served by any party other than as described above.

12. The attached Exhibits A through F satisfy the requirements of 28 U.S.C. section 1446(a).

## IV. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

13. Under 28 U.S.C. section 1332(a)(1), district courts have original jurisdiction over all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

14. Under 28 U.S.C. section 1446(c)(2)(A)(i), the notice of removal may assert the amount in controversy where the initial pleading seeks either nonmonetary relief or a money judgment "where the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A).

15. If the Court finds that there is complete diversity, and determines by a preponderance of the evidence that the amount asserted in the notice for removal under Section 1446(c)(2)(A) exceeds $75,000, then removal on that basis is proper. *See id.* § (c)(2)(B).

A. Complete Diversity of Citizenship Exists.

16. Plaintiff alleges that he is a resident of the State of California and the County of San Francisco. *See* Complaint, ¶7. Even though Plaintiff does not specifically allege that he is a citizen of the State of California, Plaintiff's allegation of residence is *prima facie* evidence of his domicile and citizenship. *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *2 (S.D. Cal. Feb. 3, 2011).

17. Plaintiff's employment records also reflect that Plaintiff lived, worked, and was physically present in the State of California throughout Plaintiff's employment. Thus, Plaintiff is, and at all relevant times was, a citizen of the State of California.

18. Although Plaintiff's Complaint does not specifically allege Apple Cinemas's citizenship in the substantive portions of the Complaint, Plaintiff identifies Apple Cinemas as a Delaware corporation (Complaint, ¶9), and thereby alleges its citizenship in part. *See* 28 U.S.C. § 1332(c)(1) (a corporation is deemed a citizen of the State where it is incorporated and of the State where it has its principal place of business). Plaintiff's Complaint further alleges that Apple Cinemas' principal place of business in Sacramento, California, but this is incorrect. *Id.* at ¶9(a).

19. Apple Cinemas is, and at all relevant times was, a citizen of Delaware (its state of incorporation) and the Commonwealth of Massachusetts (its principal place of business). Whereas it is properly registered to conduct business in the State of California, Apple Cinemas is not, and was not at any relevant time, a citizen of the State of California.

20. The Complaint also names fictitious Defendants Does 1-10. The Complaint does not allege the citizenship of the Doe Defendants. Further, Defendants are informed and believe that Plaintiff has neither identified nor served any of the Doe Defendants in the matter. Accordingly, pursuant to 28 U.S.C. section 1441(a), the Court must disregard these Doe Defendants' citizenship in determining the Court's diversity jurisdiction.

21. Based on the above, complete diversity between Plaintiff and Apple Cinemas is established because Plaintiff and Apple Cinemas are citizens of different states.

/ / /

/ / /

B. The Amount in Controversy Exceeds the Sum or Value of $75,000, Exclusive of Interest and Costs.

22. Plaintiff's Complaint does not specify the amount of damages that he seeks against Apple Cinemas. In such a situation, the U.S. Court of Appeals for the Ninth Circuit has applied the preponderance of evidence burden of proof to a removing defendant. *Guglielmino v. McKee Foods Corp*., 506 F.3d 696 (9th Cir. 2007). However, the law does not require the removing defendant to research, state, and prove the exact amount the plaintiff sought by filing suit. *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). Where the complaint is ambiguous, "a defendant's reasonable extrapolations from the plaintiff's allegations" may be sufficient to establish the amount in controversy. *Patel v. Nike Retail Servs., Inc*., 58 F. Supp. 3d 1032, 1041 (N.D. Cal. 2014).

23. Although Apple Cinemas denies that it is liable for any damages allegedly incurred by Plaintiff, for purposes of establishing diversity jurisdiction, the Court must presume that Plaintiff will prevail on each one of the asserted claims. Here, Plaintiff asserts eight separate causes of action for relief: (1) Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; (3) Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512]; (4) Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code § 226.7]; (5) Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802]; (6) Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203]; (7) Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and (8) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, *et seq*.]. *See* attached **Exhibit A**. As explained below, the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

24. In his Prayer for Relief, Plaintiff seeks monetary relief including (a) actual, consequential, and incidental losses and damages; (b) liquidated damages; (c) statutory "waiting time" penalties; (d) civil and statutory penalties; (e) reimbursement of all work-related expenses; (f) restitution to Plaintiff and other similarly effected members of the proposed class; (g) actual damages or statutory penalties; (h) pre-judgment interest; and (i) reasonable attorney's fees and costs. Plaintiff also seeks declaratory and injunctive relief, including "[f]or the appointment of a receiver to receive,

manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq*." *See* attached **Exhibit A**, Prayer for Relief, ¶42, and ¶¶4-46. Finally, in his Civil Case Cover Sheet, Plaintiff seeks punitive damages. *See* attached **Exhibit B**.

25. In his Civil Case Cover Sheet, Plaintiff designated this case as an unlimited civil case, where the amount demanded exceeds $35,000.00. *See* attached **Exhibit B**. As such, Plaintiff admits that the damages sought for the causes of action asserted in the Complaint, at minimum, exceed $35,000 – the jurisdictional minimum amount for an unlimited civil case under California Code of Civil Procedure section 85. However, as explained below, the actual amount in controversy in this case far exceeds $35,000.

26. Apple Cinemas employed Plaintiff from November 9, 2025 until Apple Cinemas terminated his employment for following a female patron into the women's restroom on March 3, 2026. Thus, for purposes of calculating the amount in controversy, Apple Cinemas employed Plaintiff for approximately 17 weeks within the relevant statute of limitations.

27. Plaintiff also alleges that he and the putative class members who he seeks to represent "[t]hroughout the statutory period, Plaintiff and the Class worked more than 8 hours in a workday and more than 40 hours in a workweek." Complaint, ¶17.

28. Throughout his employment, Plaintiff earned over and above the California minimum wage. Specifically, Plaintiff earned $19.18 per hour worked.

29. Plaintiff's claims for violations of California meal and rest period laws add to the amount in controversy. Assuming Apple Cinemas did not provide lawful meal and rest periods as Plaintiff alleges in his Complaint, then Plaintiff could recover one hour of pay for each missed meal and rest break. Cal. Lab. Code § 226.7; *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012). If Apple Cinemas, as alleged by Plaintiff, engaged in a "policy and practice" of failing to provide meal and rest breaks (*see* Complaint, ¶¶1, 4, 15-20), then Plaintiff could recover at least **$3,260.60** in premium payments for the violations ($19.18 (hourly wage) x 5 (days a week) x 17 (work weeks) x 2 (maximum hours of pay per day for missed meal and rest periods)).

/ / /

30. Additionally, Plaintiff's allegations of failure to pay overtime add more to the amount in controversy. Plaintiff does not limit this allegation to any particular period of time and does not specifically state how many hours on average he worked every day or every week for purposes of determining overtime. Assuming Plaintiff worked at least seven hours of overtime per week, that would mean **$3,423.63** in overtime payments due to Plaintiff ($19.18 (hourly wage) x 1.5 (overtime rate) x seven hours x 17 (work weeks)).

31. Plaintiff's claim for failure to provide accurate wage statements also adds to the amount in controversy. *See* Complaint, ¶¶4(b), 20-21, 68-75, 83, 87-90, and Prayer for Relief, ¶¶40-41. Plaintiff alleges that Apple Cinemas engaged in a "policy and practice" of failing to provide appropriate wage statements. Plaintiff does not allege that this conduct was limited to any period of time. Therefore, it is reasonable to assume that Plaintiff's claim puts at least **$4,000** in controversy – the maximum recovery under California Labor Code section 226.

32. Plaintiff also alleges that Apple Cinemas failed to pay his last wages in timely manner following his termination for following a female patron into the women's restroom. *See* Complaint, ¶¶19, 61-66, Prayer, ¶¶30-31. Plaintiff's Sixth Cause of Action for such statutory "waiting time" penalties is **$4,603.20** ($153.44 (Plaintiff's earnings per day based on $19.18 hourly rate) x 30 days under Cal. Lab. Code § 203(a)); *see Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK 13JCX, 2015 WL 2452755, at *6 (C.D. Cal. May 21, 2015).

33. Plaintiff also seeks doubled or "liquidated" damages for alleged violations of the minimum wage law in his First Cause of Action, Paragraphs 30-37 and Prayer for Relief at Paragraph 7 (citing Cal. Lab. Code § 1194.2). Plaintiff's Complaint does not allege the number of hours he worked for which he and/or the putative class members who he seeks to represent were not paid the statutory minimum wage. However, to the extent that Apple Cinemas did not pay Plaintiff for alleged "off-the-clock" work, the failure to pay the statutory minimum wage would be doubled pursuant to California Labor Code sections 1194, 1194.2 and 1197. Assuming Plaintiff worked seven hours per week of which he was not paid in compliance with the minimum wage law, this would add an additional **$4,564.84** ($19.18 (hourly wage) x 7 (hours of work) x 17 (work weeks) x 2 (double time for liquidated damages)).

34. Plaintiff also seeks reasonable attorney's fees as provided for under California Labor Code sections 218.5, 1194 and 2802, and California Code of Civil Procedure section 1021.5. Where a Plaintiff seeks attorney's fees authorized by statute, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The fees may include all fees that would accrue through the time the action is resolved. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). District courts may properly rely on their expertise in determining whether the amount in controversy, including attorney's fees, exceeds the jurisdictional threshold. *Id*., 899 F.3d at 795.

35. In his Civil Case Cover Sheet, Plaintiff designated this case as a complex case under Rule 3.400 of the California Rules of Court because the case will involve extensive motion practice raising difficult or novel issues that will be time-consuming to resolve; substantial amount of documentary evidence; and large number of witnesses. *See* attached **Exhibit B**. Based on Plaintiff's representations about the anticipated complexity of the case, Apple Cinemas reasonably believes that Plaintiff will spend at least 200 hours through trial. As one court noted, "recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours." *Stainbrook v. Target Corp*., No. 2:16-CV-00090-ODW, 2016 WL 3248665, at *5 (C.D. Cal. June 8, 122016) (internal citations and quotation marks omitted); *see also Lippold v. Godiva Chocolatier, Inc*., 132010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010) (noting "attorneys handling wage-and-hour cases typically spend far more than 100 hours on the case"); *Park v. Joong-Ang Daily News Cal., Inc*., No. BC508362, 2016 WL 363171, at *3 (Cal. Supp. Jan. 7, 2016) (*Park*) (awarding in attorney's fees for 456.30 hours billed between two attorneys in single plaintiff wage and hour case).

36. Assuming Plaintiff's attorneys bill at a flat rate of $350.00 per hour (an amount that was found to be reasonable for counsel in *Navarro v. Servisair*, No. C 08-02716 MHP, 2010 WL 191729538, at *3 (N.D. Cal. Apr. 27, 2010) (*Navarro*) – a wage and hour matter in 2010), and the attorneys spend a conservative estimate of 200 hours on the case through trial, Plaintiff would be entitled to substantial attorneys' fees. Based on Plaintiff's counsel's representations about the anticipated complexity of the case, it can be conservatively estimated that Plaintiff's attorneys' fees will add at least **$70,000** to the amount in controversy (200 hours at $350/hour, both of which are

conservative estimates), and may in fact exceed that amount by far. *See*, *e.g.*, *Park*, 2016 WL 363171, at *3 (awarding $258,155 in attorney's fees for 456.30 hours billed between two attorneys in single plaintiff wage and hour case); *Navarro*, 2010 WL 1729538, at *3 (granting $84,531.70 in attorney's fees for plaintiff's counsel's work related only to a motion to remand a case); *Makabi v. Gedalia*, No. B261005, 2016 WL 815937, at *6 (Cal. Ct. App. Mar. 2, 2016) (granting plaintiff's attorney's fees of $456,522.50 and costs in the amount of $20,343.39 for a total of $476,865.89 in another employment litigation case).

37. Plaintiff also appears to seek punitive and exemplary damages for Apple Cinemas' alleged violations of the California Labor Code (*see* Plaintiff's Civil Case Cover Sheet, attached as **Exhibit B**), and seeks unspecified damages under California Labor Code section 2802 by specifically alleging: "Throughout the statutory period, Defendants wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement. For example, Plaintiff and the Class were required to use their personal cell phones for work purposes such as communicating with co-workers and supervisors regarding work-related issues. Plaintiff and the Class were not adequately compensated for these work-related expenses." Complaint, ¶18. For purposes of this Notice of Removal, Apple Cinemas excludes a punitive damages calculation because punitive damages are generally not recoverable for California Labor Code violations, and also excludes Plaintiff's claim for unspecified damages for an alleged failure to reimburse necessary business expenses.

38. Plaintiff also seeks nonmonetary relief including (a) an order enjoining and restraining Apple Cinemas and its agents, servants and employees from violating applicable Labor Code provisions and California Industrial Welfare Commission ("IWC") Wage Order related to providing lawful meal breaks; (b) an order restraining Apple Cinemas from violating IWC Wage Order No. 9 related to rest breaks; (c) equitable relief, which may include injunction or restitution California Business and Professions Code §§ 17200, *et seq*.; (d) an appointment of a receiver to receive, manage, and distribute all funds received; and (e) such other relief as the Court deems just and proper. *See* Complaint, Prayer for Relief, ¶¶4-46.

/ / /

39. In actions seeking injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Here, the cost of compliance with the injunctions issued by the Court, if at all, would be a good measure of the amount in controversy relevant to the injunctive relief. If the Court issues the injunctions Plaintiff seeks, such injunctions would require Apple Cinemas to implement substantial changes to its policies and procedures, and overall employment practices, which would come at a huge cost in attorney's fees, and other logistical costs of implementing the new policies, including but not limited to, training employees and managers on the new policies. If counsel for Apple Cinemas, Tyler M. Paetkau, spends 10 hours reviewing and revising such policies, and at least five hours preparing for and conducting training at Apple Cinemas' request, that would add at least **$5,250** to the amount in controversy, calculated at a substantially discounted billing rate of $350.00.

40. Given the number of claims over the four-year limitations time period Plaintiff proposes, the jurisdictional minimum amount Plaintiff states in the Civil Case Cover Sheet, the broad and open-ended nature of the allegations Plaintiff makes of a "policy and practice" of unlawful employment practices, the allegations of Apple Cinemas' violations of the law and the punitive damages Plaintiff seeks in light of such conduct, the attorney's fees, the nonmonetary relief and the potential cost of compliance with any injunction the Court may issue, Apple Cinemas has a good faith belief that the total amount in controversy far equals to at least $91,841.67, which exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1446(c)(2)(A)(i); 28 U.S.C. § 1332(a).

41. Consequently, even though Plaintiff does not provide any readily ascertainable amounts, Plaintiff's broad allegations, as explained above, demonstrate that the amount in controversy far exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 122002) ("By choosing to over plead in his complaint, plaintiff has chosen to accept the risk that he will plead himself into federal court").

42. Because it is facially apparent from the Complaint and other matter submitted in this Notice of Removal, Apple Cinemas has met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000.

/ / /

V. THIS REMOVAL NOTICE IS TIMELY AND SATISFIES ALL PREREQUISITES

43. Under 28 U.S.C. section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise" of the initial pleading or summons. The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

44. Here, Plaintiff filed the above-captioned putative class action on May 29, 2026 in the Superior Court of the State of California, County of San Francisco, as Case Number CGC-26-637463. Plaintiff served Apple Cinemas on July 9, 2026. This Notice of Removal is timely because it has been filed within thirty days of Plaintiff's service of the Complaint on Apple Cinemas. *See* 28 U.S.C. § 1446; Fed. Rule Civ. Proc. 6(a)(1).

Dated: August 7, 2026

Respectfully submitted,

/s/Tyler M. Paetkau
Tyler M. Paetkau
Kathy Huynh

Attorneys for Defendant
Apple Cinemas Van Ness Inc

# EXHIBIT A

Seung L. Yang (SBN 249857)
E-mail: seung.yang@thesentinelfirm.com
Tiffany Hyun (SBN 311743)
E-mail: tiffany.hyun@thesentinelfirm.com
Won Christina Chang (SBN 327168)
E-mail: christina.chang@thesentinelfirm.com
Diane Le (SBN 348821)
E-mail: diane.le@thesentinelfirm.com
**THE SENTINEL FIRM, APC**
707 Wilshire Blvd., Suite 4700
Los Angeles, CA 90017
Telephone: (213) 985-1150
Facsimile: (213) 985-2155

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**05/29/2026**
**Clerk of the Court**
BY: JAMES FORONDA
Deputy Clerk

Attorneys for Plaintiff Lizell Terell Pintily

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO**

**CGC-26-637463**

| | |
|---|---|
| LIZELL TERELL PINTILY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE CINEMAS VAN NESS INC, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants | Case No.:<br><br>**CLASS ACTION COMPLAINT:**<br><br>1. Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197];<br>2. Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198];<br>3. Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];<br>4. Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code § 226.7];<br>5. Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802];<br>6. Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203];<br>7. Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and<br>8. Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.].<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Lizell Terell Pintily ("Plaintiff"), based upon facts that either have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

**<u>INTRODUCTION & PRELIMINARY STATEMENT</u>**

1. Plaintiff brings this action against Defendant Apple Cinemas Van Ness Inc, and Does 1 through 10 (collectively referred to as "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay minimum wages, failure to pay overtime wages, failure to provide meal periods, failure to authorize and permit rest periods, failure to maintain accurate records of hours worked and meal periods, failure to timely pay all wages to terminated employees, failure to indemnify necessary business expenses, and failure to furnish accurate wage statements.

2. Plaintiff brings the First through Eighth Causes of Action individually and as a class action on behalf of himself and certain current and former employees of Defendants (hereinafter collectively referred to as the "Class" or "Class Members" and defined more fully below). The Class consists of Plaintiff and all other persons who have been employed by any Defendants in California as an hourly-paid, non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3. Defendants own/owned and operate/operated an industry, business, and establishment within the State of California, including San Francisco County. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission ("IWC"), and the California Business & Professions Code.

4. Despite these requirements, throughout the statutory period Defendants maintained a systematic, company-wide policy and practice of:

(a) Failing to pay employees for all hours worked, including all minimum wages, and overtime wages in compliance with the California Labor Code and IWC Wage Orders;

(b) Failing to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, failing to maintain accurate records of all meal periods taken or missed, and failing to pay an additional hour's pay at the regular rate of pay for each workday a meal period violation occurred;

(c) Failing to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, and failing to pay an additional hour's pay at the employee's regular rate of pay for each workday a rest period violation occurred;

(d) Failing to indemnify employees for necessary business expenses incurred;

(e) Willfully failing to pay employees all minimum wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates;

(f) Failing to maintain accurate records of the hours that employees worked; and

(g) Failing to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders.

5. On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

6. At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the Class. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

## THE PARTIES

**Plaintiff**

7. Plaintiff is a California resident that worked for Defendants in the County of San Francisco, State of California, as an hourly, non-exempt Usher from approximately November 2025 to approximately March 2026.

8. Plaintiff reserves the right to seek leave to amend this complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

**Defendants**

9. Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant Apple Cinemas Van Ness Inc is:

(a) A Delaware corporation with its principal place of business in Sacramento, California;

(b) A business entity conducting business in numerous counties throughout the State of California, including in San Francisco; and

(c) The former employer of Plaintiff, and the current and/or former employer of the putative Class. Defendant suffered and permitted Plaintiff and the Class to work, and/or controlled their wages, hours, or working conditions.

10. Plaintiff does not currently know the true names or capacities of the persons or entities sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

11. At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Plaintiff and the Class in the State of California.

12. Plaintiff is informed and believes and thereon alleges that at all relevant times

each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the class definitions below, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff is a California resident who worked for Defendants in the County of San Francisco, State of California, as a Usher during the statutory period. Plaintiff was typically scheduled to work 5 days in a workweek, and typically in excess of 8 hours in a single workday.

14. Throughout the statutory period, Defendants failed to pay Plaintiff for all hours worked (including minimum wages and overtime wages), failed to provide Plaintiff with uninterrupted meal periods, failed to authorize and permit Plaintiff to take uninterrupted rest periods, failed to indemnify Plaintiff for necessary business expenses, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff’s employment, and failed to furnish accurate wage statements to Plaintiff. As discussed below, Plaintiff’s experience working for Defendants was typical and illustrative.

15. Throughout the statutory period, Plaintiff and the Class worked more than 8 hours in a workday and more than 40 hours in a workweek. Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all overtime wages. In those instances where Plaintiff and the Class earned non-discretionary bonuses and other remuneration, Defendants failed to incorporate all remuneration when calculating the correct

overtime rate of pay, meal break premium rate of pay, rest break premium rate of pay, and sick day rate of pay. Also throughout the statutory period, Plaintiff and the Class were required to work "off-the-clock" and uncompensated. For example, due to Defendants only providing one terminal for clocking in and out, Plaintiff and the Class were required to wait in line for several minutes off-the-clock to utilize Defendants' time clock machine. Additionally, Plaintiff and the Class were required to respond to work requests from supervisors while clocked out during purported meal periods and after clocking out of shifts. Despite being required to perform these work tasks, Plaintiff and the Class were not compensated for this time worked. In maintaining a practice of not paying all wages owed, Defendants failed to maintain accurate records of the hours Plaintiff and the Class worked.

16. Throughout the statutory period, Defendants have wrongfully failed to provide Plaintiff and the Class with legally compliant meal periods. Defendants often required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and uninterrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period by the end of the fifth hour of work, or, for shifts greater than 10 hours, by the end of the tenth hour of work. Plaintiff and the Class were often required to work during their meal periods, leading to the failure to provide uninterrupted meal periods. For example, Plaintiff and the Class were required to prioritize urgent work tasks before starting their meal periods or during their meal periods, resulting in late, shortened, or interrupted meal periods. These requirements also meant Plaintiff and the Class were not relieved of all duty during their meal periods. For example, Plaintiff and the Class were required to respond to work requests from supervisors while clocked out during purported meal periods. As a result, Plaintiff and the Class were not provided with uninterrupted and complete meal periods. Accordingly, Defendants' policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law.

17. Throughout the statutory period, Defendants have wrongfully failed to authorize and permit Plaintiff and the Class to take timely and duty-free rest periods. Defendants often required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a net 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction thereof), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. For example, Plaintiff and the Class were required to respond to work requests from supervisors while on their purported rest periods. Plaintiff and the Class were required to prioritize urgent work tasks before starting their rest periods or during their rest periods, resulting in late, shortened, or interrupted rest periods. As a result, Plaintiff and the Class were rarely provided with compliant rest periods and were regularly required to work through their rest periods. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law.

18. Throughout the statutory period, Defendants wrongfully required Plaintiff and the Class to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement. For example, Plaintiff and the Class were required to use their personal cell phones for work purposes such as communicating with co-workers and supervisors regarding work-related issues. Plaintiff and the Class were not adequately compensated for these work-related expenses.

19. Throughout the statutory period, Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum

wages, overtime wages, meal period premium wages, and rest period premium wages. Further, Defendants did not pay Plaintiff and the Class their final paychecks immediately upon termination.

20. Throughout the statutory period, Defendants failed to furnish Plaintiff and the Class with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages earned for hours worked, correct overtime hours worked, correct wages for meal periods that were not provided in accordance with California law, correct wages for rest periods that were not authorized and permitted to take in accordance with California law, and Defendant's address). As a result of these violations of California Labor Code § 226(a), the Plaintiff and the Class suffered injury because, among other things:

(a) the violations led them to believe that they were not entitled to be paid minimum wages, overtime wages, meal period premium wages, and rest period premium wages to which they were entitled, even though they were entitled;

(b) the violations led them to believe that they had been paid the minimum, overtime, meal period premium, and rest period premium wages, even though they had not been;

(c) the violations led them to believe they were not entitled to be paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they were;

(d) the violations led them to believe they had been paid minimum, overtime, meal period premium, and rest period premium wages at the correct California rate even though they had not been;

(e) the violations hindered them from determining the amounts of minimum, overtime, meal period premium, and rest period premium owed to them;

(f) in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have

to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g) by understating the wages truly due them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h) the wage statements inaccurately understated the wages, hours, and wages rates to which Plaintiff and the Class were entitled, and Plaintiff and the Class were paid less than the wages and wage rates to which they were entitled.

Thus, Plaintiff and the Class are owed the amounts provided for in California Labor Code § 226(e), including actual damages.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under California Code of Civil Procedure § 382.

22. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

23. The proposed Class consists of and is defined as:

> All persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice of class certification to the Class is sent.

24. At all material times, Plaintiff was a member of the Class.

25. Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

26. There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a) Numerosity: The members of the Class (and each subclass, if any) are so

numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b) Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c) Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no conflicts with or interests antagonistic to any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) Superiority: A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4) The difficulties likely to be encountered in the management of a class action.

(e) <u>Public Policy Considerations</u>: The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action. Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

27. There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

(a) Failed to pay Class Members for all hours worked, including minimum wages, and overtime wages;

(b) Failed to provide meal periods and pay meal period premium wages to Class Members;

(c) Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d) Failed to promptly pay all wages due to Class Members upon their discharge or resignation;

(e) Failed to maintain accurate records of all hours Class Members worked, and all meal periods Class Members took or missed;

(f) Failed to reimburse Class Members for all necessary business expenses; and

(g) Violated California Business & Professions Code §§ 17200 *et. seq*. as a result of their illegal conduct as described above.

28. This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

(a) The questions of law and fact common to the Class predominate over any question affecting only individual members;

(b) A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Class;

(c) The members of the Class are so numerous that it is impractical to bring all members of the class before the Court;

(d) Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

(f) Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1) Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or

2) Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from

those parties who are, or may be, responsible Defendants; and,

(g) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the class as a whole.

29. Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff would contemplate the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

**FIRST CAUSE OF ACTION**

**(Against all Defendants for Failure to Pay Minimum Wages for All Hours Worked)**

30. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

31. "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

32. At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked. By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of Section 1194 of the California Labor Code, and any additional applicable Wage Orders, which require such compensation to non-exempt employees.

33. Accordingly, Plaintiff and the Class are entitled to recover minimum wages for all non-overtime hours worked for Defendants.

34. By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

35. By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional minimum of this Court, and which will be ascertained according to proof at trial.

36. By failing to keep adequate time records required by California Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

37. Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

38. California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month. Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates required by law, including minimum wages. However, during all such times, Defendants systematically failed and refused to pay Plaintiff and the Class all such wages due, and failed to pay those wages twice a month.

39. Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 218.6, and 1194(a).

## SECOND CAUSE OF ACTION

**(Against all Defendants for Failure to Pay Overtime Wages)**

40. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

41. California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

42. California Labor Code §§ 1194 and 1198 provide that employees in California

shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

43. At all times relevant hereto, Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants.

44. At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198. Plaintiff and the Class are regularly required to work overtime hours.

45. By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

46. By failing to keep adequate time records required by Labor Code § 1174(d), Defendants have made it difficult to calculate the full extent of overtime compensation due to Plaintiff and the Class.

47. Plaintiff and the Class also request recovery of overtime compensation according to proof, interest, attorneys' fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes.

48. California Labor Code § 204 requires employers to provide employees with all wages due and payable twice a month. The Wage Orders also provide that every employer shall pay to each employee, on the established payday for the period involved, overtime wages for all overtime hours worked in the payroll period. Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of California Labor Code § 204.

**THIRD CAUSE OF ACTION**

**(Against All Defendants for Failure to Provide Meal Periods)**

49. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

50. Under California law, Defendants have an affirmative obligation to relieve the Plaintiff and the Class of all duty in order to take their first daily meal periods no later than the start of Plaintiff and the Class' sixth hour of work in a workday, and to take their second meal periods no later than the start of the eleventh hour of work in the workday. Section 512 of the California Labor Code, and Section 11 of the applicable Wage Orders require that an employer provide unpaid meal periods of at least 30 minutes for each five-hour period worked. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any meal period mandated under any Wage Order.

51. Despite these legal requirements, Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law. By their failure to permit and authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

52. Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages at the regular rate of pay for each workday he or she was not provided with all required meal period(s), plus interest thereon.

**FOURTH CAUSE OF ACTION**

**(Against All Defendants for Failure to Authorize and Permit Rest Periods)**

53. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

54. Defendants are required by California law to authorize and permit breaks of net 10 uninterrupted minutes for each four hours of work or major fraction thereof (i.e. more than two hours). Section 512 of the California Labor Code, the applicable Wage Orders require that the

employer permit and authorize all employees to take paid rest periods of 10 minutes each for each 4-hour period worked. Thus, for example, if an employee's work time is 6 hours and ten minutes, the employee is entitled to two rest breaks. Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws. It is a violation of Section 226.7 of the California Labor Code for an employer to require any employee to work during any rest period mandated under any Wage Order.

55. Despite these legal requirements, Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of Section 226.7 of the California Labor Code and the applicable Wage Orders.

56. Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages at the regular rate of pay for each workday he or she was not provided with all required rest break(s), plus interest thereon.

## FIFTH CAUSE OF ACTION

**(Against All Defendants for Failure to Indemnify Necessary Business Expenses)**

57. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

58. Defendants violated Labor Code section 2802 and the IWC Wage Orders, by failing to pay and indemnify the Plaintiff and the Class for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

59. As a result, Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

60. Plaintiff and the class they represent are entitled to attorney's fees, expenses, and costs of suit pursuant to Labor Code section 2802(c) and interest pursuant to Labor Code section 2802(b).

**SIXTH CAUSE OF ACTION**

**(Against all Defendants for Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

61. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

62. At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

63. Within the applicable statute of limitations, the employment of Plaintiff and many other members of the Class ended, i.e. was terminated by quitting or discharge, and the employment of others will be. However, during the relevant time period, Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

64. Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202.

65. California Labor Code § 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

66. Plaintiff and the Class are entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

67. Pursuant to California Labor Code §§ 218.5, 218.6 and 1194, Plaintiff and the Class are also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

**SEVENTH CAUSE OF ACTION**

**(Against all Defendants for Failure to Provide and Maintain Accurate and Compliant Wage Records)**

68. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

69. At all material times set forth herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

70. Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

71. As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and the Class have suffered injury and damage to their statutorily-protected rights.

72. Specifically, Plaintiff and the members of the Class have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage

statements under California Labor Code § 226(a).

73. Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

74. Plaintiff and the Class are entitled to recover from Defendants their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a).

75. Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code § 226(h).

## EIGHTH CAUSE OF ACTION

**(Against all Defendants for Violation of California Business & Professions Code §§ 17200, et seq.)**

76. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 20 in this Complaint.

77. Defendants, and each of them, are "persons" as defined under California Business & Professions Code § 17201.

78. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

79. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code §§ 17200, *et seq*.

80. A violation of California Business & Professions Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of

public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business &Professions Code §§ 17200, *et seq*.

**Failure to Pay Minimum Wages**

81. Defendants' failure to pay minimum wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Pay Overtime Wages**

82. Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code §§ 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Maintain Accurate Records of All Hours Worked**

83. Defendants' failure to maintain accurate records of all hours worked in accordance with California Labor Code § 1174.5 and the IWC Wage Orders constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Provide Meal Periods**

84. Defendants' failure to provide meal periods in accordance with California Labor Code §§ 226.7 and 512, and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

**Failure to Authorize and Permit Rest Periods**

85. Defendants' failure to authorize and permit rest periods in accordance with California Labor Code § 226.7 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

**Failure to Indemnify Necessary Business Expenses**

86. Defendants' failure to indemnify employees for necessary business expenses in accordance with California Labor Code § 2802 and the IWC Wage Orders, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code §§ 17200, *et seq*.

**Failure to Provide Accurate Itemized Wage Statements**

87. Defendants' failure to provide accurate itemized wage statements in accordance with California Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business & Professions Code §§ 17200, *et seq*.

88. By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

89. Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

90. Plaintiff, individually, and on behalf of members of the putative Class, is entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

91. Plaintiff, individually, and on behalf of members of the putative class, is further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

92. Plaintiff, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the putative Class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

93. Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

94. Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff and putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## **PRAYER FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated only with respect to the class claims, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

2. That Plaintiff be appointed as the representative of the Class; and

3. That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

4. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum wages due;

5. For general unpaid wages as may be appropriate;

6. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7. For liquidated damages;

8. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

9. For such other and further relief as the Court may deem equitable and appropriate.

As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

11. For general unpaid wages at overtime wage rates as may be appropriate;

12. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

14. For such other and further relief as the Court may deem equitable and appropriate.

As to the Third Cause of Action

15. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

16. For unpaid meal period premium wages as may be appropriate;

17. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

18. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

19. For such other and further relief as the Court may deem equitable and appropriate.

As to the Fourth Cause of Action

20. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512, and the IWC Wage Orders;

21. For unpaid rest period premium wages as may be appropriate;

22. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

23. For reasonable attorneys' fees under California Code of Civil Procedure § 1021.5, and for costs of suit incurred herein; and

24. For such other and further relief as the Court may deem equitable and appropriate.

As to the Fifth Cause of Action

25. That the Court declare, adjudge and decree that Defendants violated Labor Code § 2802 and the IWC Wage Orders;

26. For general unpaid wages and reimbursement of business expenses as may be appropriate;

27. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

28. For reasonable attorneys' fees and for costs of suit incurred herein; and

29. For such other and further relief as the Court may deem equitable and appropriate.

As to the Sixth Cause of Action

30. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

31. For statutory wage penalties pursuant to California Labor Code § 203 for former employees who have left Defendants' employ;

32. For pre-judgment interest on any unpaid wages from the date such amounts were due;

33. For reasonable attorneys' fees and for costs of suit incurred herein; and

34. For such other and further relief as the Court may deem equitable and appropriate.

As to the Seventh Cause of Action

35. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

36. For penalties and actual damages pursuant to California Labor Code § 226(e);

37. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(h);

38. For reasonable attorneys' fees and for costs of suit incurred herein; and

39. For such other and further relief as the Court may deem equitable and appropriate.

As to the Eighth Cause of Action

40. That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et seq*. by failing to pay wages for all hours worked (including minimum and overtime wages), failing to provide meal periods, failing to maintain accurate records of meal periods, failing to authorize and permit rest periods, and failing to maintain accurate records of all hours worked and meal periods, failing to furnish accurate wage statements, and failing to indemnify necessary business expenses;

41. For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

42. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq*.;

43. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

44. For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code §§ 17200, *et seq*.; and,

45. For such other and further relief as the Court may deem equitable and appropriate.

As to all Causes of Action

46. For any additional relief that the Court deems just and proper.

Dated: May 29, 2026

Respectfully submitted,

THE SENTINEL FIRM, APC

By: [signature]

Seung L. Yang
Tiffany Hyun
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all causes of action triable by jury.

Dated: May 29, 2026

THE SENTINEL FIRM, APC

By:

Seung L. Yang
Tiffany Hyun
Attorneys for Plaintiff

# EXHIBIT B

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| STATE BAR NUMBER: | |
| NAME: Seung L. Yang, Esq. (SBN. 249857); Tiffany Hyun , Esq. (SBN. 311743) | |
| FIRM NAME: The Sentinel Firm, APC | |
| STREET ADDRESS: 707 Wilshire Blvd.. Suite 4700 | |
| CITY: Los Angeles STATE: CA ZIP CODE: 90017 | ELECTRONICALLY **FILED** *Superior Court of California, County of San Francisco* |
| TELEPHONE NO.: 213-985-1150 FAX NO.: 213-985-2155 | **05/29/2026** **Clerk of the Court** **BY: JAMES FORONDA** **Deputy Clerk** |
| EMAIL ADDRESS: tiffany.hyun@thesentinelfirm.com; seung.yang@thesentinelfirm.com | |
| ATTORNEY FOR (*name*): Plaintiff Lizell Terell Pintilv | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO** | |
| STREET ADDRESS: 400 McAllister St. | |
| MAILING ADDRESS: 400 McAllister St. | |
| CITY AND ZIP CODE: San Francisco. CA 94102-4514 | |
| BRANCH NAME: CIVIC CENTER COURTHOUSE | |
| CASE NAME: Lizell Terell Pintily v. Apple Cinemas Van Ness Inc | **CGC-26-637463** |

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☒ **Unlimited** (Amount demanded exceeds $35,000) ☐ **Limited** (Amount demanded is $35,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Asbestos**
- ☐ Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/Unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☒ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Employment Development Department (EDD)**
- ☐ EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Comprehensive groundwater adjudication (47)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? [x] Yes [ ] No

If the case is complex, mark the factors requiring exceptional judicial management:

a. [x] Large number of separately represented parties
b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [x] Substantial amount of documentary evidence
d. [x] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

a. [x] monetary
b. [x] nonmonetary; declaratory or injunctive relief
c. [x] punitive

4. Number of causes of action *(specify):* 8

5. Is this case a class action suit? [x] Yes [ ] No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 05/29/2026

Seung Yang
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/ Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/ environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication (47)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

# EXHIBIT C

# NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **NOV 25, 2026**

**TIME:** **10:30 am**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400 McAllister Street, Room 103-A**
**San Francisco, CA 94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# Superior Court of California, County of San Francisco
## Information Sheet
## Voluntary Expedited Jury Trial Summary

The San Francisco Superior Court encourages the use of Voluntary Expedited Jury Trials ("EJTs") in appropriate cases. EJTs provide an excellent opportunity to resolve your client's case in an expeditious and inexpensive way. Voluntary EJTs are authorized by statute. CCP §§ 630.01.

EJTs can resolve your entire case **or** a single important case critical issue that, once adjudicated, can promote resolution of the entire case (for example: course and scope of employment, causation of an injury, whether a contract was formed, etc.) EJTs promote equal access to civil justice as they are less expensive, consume fewer courtroom days, provide flexibility throughout, encourage high/low agreements to limit risk, and feature streamlined pre-trial procedures.

These are highlights of an EJT (C.C.P. §§ 630.01 et seq. and Rules of Court 3.1549 - 3.1553):

- Parties encouraged to submit a joint jury questionnaire;
- 8 jurors (6 must agree);
- 3 peremptory challenges per side;
- 5-hour time limit per side unless agreed otherwise and approved;
- One to two court days completion unless agreed otherwise and approved;
- Option to present evidence by stipulation and objection;
- High/low arrangement option;
- Limited appeal (misconduct by judge or jury substantially affecting parties' rights or corruption, or bad faith.)

If the parties agree to the Voluntary EJT, they should file and serve the completed and signed (Proposed) Consent Order for Voluntary Expedited Jury Trial, Judicial Council Form EJT-020.

# EXHIBIT D

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

APPLE CINEMAS VAN NESS INC, a Delaware corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

LIZELL TERELL PINTILY, individually, and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
County of San Francisco - Civic Center Courthouse
400 McAllister St. San Francisco, CA 94102-4514

CASE NUMBER: *(Número del Caso):*
**CGC-26-637463**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Seung L.Yang; 707 Wilshire Blvd., Suite 4700, Los Angeles, CA 90017; (213) 985-1150

DATE: *(Fecha)* **06/24/2026** Clerk, by *(Secretario)* **JAMES FORONDA** , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO EUREKA

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*

# EXHIBIT E

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Seung Yang SBN 249857
The Sentinel Firm, APC
707 Wilshire Blvd. Suite 4700
Los Angeles, CA 90017
TELEPHONE NO.: (213) 985-1150 FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*: seung.yang@thesentinelfirm.com
ATTORNEY FOR *(Name)*: individually, and on behalf of all other LIZELL TERELL PINTILY

FOR COURT USE ONLY

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**07/13/2026**
**Clerk of the Court**
**BY: JAMES FORONDA**
**Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO - CENTRAL**
STREET ADDRESS: 400 McAllister St
MAILING ADDRESS: 400 McAllister St
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO - CENTRAL

PLAINTIFF/PETITIONER: individually, and on behalf of all other LIZELL TERELL PINTILY
DEFENDANT/RESPONDENT: APPLE CINEMAS VAN NESS INC, a Delaware corporation

CASE NUMBER: CGC-26-637463

## PROOF OF SERVICE OF SUMMONS

Ref. No. or File No.: Lizell Terell Pintily

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of: ***SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE MANAGEMENT CONFERENCE; ADR INFORMATION PACKET***

3. a. Party served *(specify name of party as shown on documents served)*:
***APPLE CINEMAS VAN NESS INC, a Delaware corporation***

b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

***Jammie Stone* - AUTHORIZED TO ACCEPT ON BEHALF OF *REGISTERED AGENTS INC - Authorized Agent for Service of Process***
***Gender: Female Age: 38 Height: 5'3" Weight: 230 Race: Caucasian Hair: Blond Other:***

4. Address where the party was served: ***1401 21st Street, STE R Sacramento, CA 95811***

5. I served the party *(check proper box)*

a. [x] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **7/9/2026** (2) at: **01:33 PM**

b. [ ] **by substituted service.** On: at: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

(1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

(2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dweling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

(3) [ ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

(4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
*on:* from: **or** [ ] a declaration of mailing is attached.

(5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on: (2) from:

(3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | individually, and on behalf of all other LIZELL TERELL PINTILY | CASE NUMBER: CGC-26-637463 |
| DEFENDANT/RESPONDENT: | APPLE CINEMAS VAN NESS INC, a Delaware corporation | |

to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify):* **APPLE CINEMAS VAN NESS INC, a Delaware corporation** under the following Code of Civil Procedure section:

☒ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**

a. Name: **KEIANNA HOSTETLER**
b. Company Name and Registration #: **Steno Agency, Inc. - 2026038724**
c. Address: **315 West 9th Street, Los Angeles, CA 90015**
d. Telephone number: **(213) 516-4166**
e. **The fee** for service was: **$ 137.50**
f. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ a registered California process server:

(i) ☐ owner ☐ employee ☒ independent contractor.

(ii) Registration No.: **2025-048**

(iii) County: **Sacramento**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Steno Agency, Inc.**
**315 West 9th Street**
**Los Angeles, CA 90015**
**(213) 516-4166**
**Ref:**

**KEIANNA HOSTETLER**
Date: **07/10/2026**

# EXHIBIT F

Tyler Paetkau, State Bar No. 146305
Email: tyler@paetkaulg.com
Kathy Huynh, State Bar No. 233314
Email: kathy@paetkaulg.com
Olga Savage, State Bar No. 252009
Email: olga@paetkaulg.com
Paetkau Law Group, APC
2995 Woodside Road, Ste. 400-467
Woodside, CA 94062
Tel: (650) 647-1678

Attorneys For Defendant
Apple Cinemas Van Ness Inc

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

LIZELL TERELL PINTILY, individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

APPLE CINEMAS VAN NESS INC, a Delaware corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No. CGC-26-637463

**ANSWER BY DEFENDANT APPLE CINEMAS VAN NESS INC TO PLAINTIFF'S UNVERIFIED COMPLAINT**

Complaint Filed: May 29, 2026

Defendant APPLE CINEMAS VAN NESS INC ("Defendant") hereby submits the following answer and affirmative defenses to the unverified Complaint filed by Plaintiff LIZELL TERELL PINTILY ("Plaintiff").

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30, Defendant denies generally and specifically each, every, and all of the allegations of the Complaint, and the whole thereof. Defendant further denies that Plaintiff has sustained, or will sustain, any injury, damage or loss by reason of any act, omission, breach, negligence or any other conduct or the absence thereof, on the part of Defendant, or any agent, attorney, servant or employee of Defendant.

**AFFIRMATIVE DEFENSES**

Defendant alleges the following affirmative defenses in the alternative as separate and distinct affirmative defenses to the Complaint and to each and every purported cause of action therein:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State Cause of Action)

1. The Complaint does not state facts sufficient to constitute a cause of action against Defendant. *See* Code of Civil Procedure § 430.80 (indicating defense of failure to state a claim may be raised by demurrer or answer). Among other things, the Complaint is vague, fails to allege facts establishing any violation of law, and fails to allege facts establishing injury. The Complaint is vague, uncertain, ambiguous, and unintelligible, including, but not limited to, the nature of any allegedly uncompensated work time and how Defendant allegedly violated the provisions of California law enumerated in the Complaint.

**SECOND AFFIRMATIVE DEFENSE**

(No Damages or Injury)

2. Any recovery on Plaintiff's Complaint is barred, in whole or in part, due to lack of any cognizable injury or damages legally compensable by law or because the damages (if any) associated with such claims are too speculative to be permitted.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Plead with Particularity)

3. The Complaint is barred, in whole or in part, because Plaintiff failed to plead causes of action alleged in the Complaint with the particularity required by law.

**FOURTH AFFIRMATIVE DEFENSE**

(Statutes of Limitations)

4. The Complaint is barred, in whole or in part, under applicable statutes of limitations, including, but not limited to California Business and Professions Code section 17208 and California Code of Civil Procedure sections 338 and 340.

/ / /

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

5. The Complaint is barred, in whole or in part, and the Court lacks jurisdiction over this matter, because Plaintiff, and/or the putative class members failed to exhaust applicable administrative remedies.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Internal Grievance Procedures)

6. The Complaint is barred, in whole or in part, and the Court lacks jurisdiction over this matter, because Plaintiff, and/or the putative class members failed to exhaust Defendant's internal grievance procedures.

**SEVENTH AFFIRMATIVE DEFENSE**

(Equitable Defenses)

7. The Complaint is barred, in whole or in part, based on principles of equity.

**EIGHTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

8. The Complaint is barred, in whole or in part, based on principles of unclean hands based on, *inter alia,* Plaintiffs' and/or the putative class members' failure to accurately report their work times and failure to abide by Company policies and practices pertaining to the allegations in the lawsuit.

**NINTH AFFIRMATIVE DEFENSE**

(Waiver and Estoppel)

9. The Complaint is barred, in whole or in part, based on principles of waiver and estoppel.

**TENTH AFFIRMATIVE DEFENSE**

(Laches)

10. The Complaint is barred, in whole or in part, based on the doctrine of laches. While employed, Plaintiff or the putative class members failed to use Defendant's internal procedures to raise any alleged wage and hour violations. Plaintiff's undue delay in raising the alleged violations

in the Complaint has prejudiced Defendant because any harm to Plaintiff or putative class members would have been avoided if they had reported any alleged violations through Defendant's internal procedures.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Consent)

11. Any recovery on Plaintiff's Complaint or purported cause of action alleged therein on behalf of Plaintiff and the putative class members is barred because Plaintiff and/or the putative class members consented to any and all actions allegedly taken by Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

(Failure to Join Necessary Parties)

12. The Complaint is barred, in whole or in part, by Plaintiff's failure to join necessary or indispensable parties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Release of Claims)

13. The Complaint is barred, in whole or in part, by Plaintiff's release of the asserted claims.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Privilege)

14. The Complaint is barred, in whole or in part, because Defendant's conduct, if any, was privileged, performed in the exercise of an absolute right, proper and/or justified.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Good Faith)

15. The Complaint is barred, in whole or in part, because Defendant acted in good faith and had reasonable grounds for believing that its actions did not violate the California Labor Code.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(No Improper Conduct by Defendant)

16. The Complaint is barred, in whole or in part, because if any alleged improper conduct occurred, which Defendant denies, Defendant is not liable because (a) any persons allegedly

engaging in any such conduct were not acting as an employee or agent of Defendant, (b) such conduct was outside the scope, course and/or authority of any employee or agent, (c) Defendant was not negligent or reckless with respect to any such conduct, and/or (d) such conduct was expressly contrary to and in disregard of Defendant's interests, rules, policies and/or procedures.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Not Suitable for Class Treatment)

17. The claims in Plaintiff's Complaint do not state facts that render them appropriate for class treatment in that the claims lack commonality, individualized questions of both fact and law predominate, and/or Plaintiff is an inadequate and not typical representative of the interests of the putative class members who he seeks to represent.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Class Action Claims Improper)

18. The claims of Plaintiff and the putative class members violate Defendant's due process rights under the United States and California Constitutions to the extent that relief is sought on behalf of third persons even though this lawsuit cannot be maintained as a proper class action. Defendant is entitled to adjudication of these claims on an individualized, rather than class-wide, basis, and adjudication based on purported representative evidence violates Defendant's rights to due process of law.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Alternative Causes of Alleged Damages)

19. Plaintiff's claims for damages are barred, in whole or in part, because the alleged injuries or damages, if any, were caused by intervening and superseding events and/or actions of persons and/or entities other than Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Plaintiff's Own Conduct)

20. Plaintiff's claims for damages are barred, in whole or in part, because the alleged injuries or damages, if any, were caused by Plaintiff and/or the putative class members' own conduct.

/ / /

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to Mitigate Alleged Damages)

21. Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff and/or the putative class members' failure to exercise reasonable care and diligence to mitigate the alleged damages.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Alleged Damages Uncertain)

22. Plaintiff's claims for damages are barred, in whole or in part, because the alleged damages are not clearly ascertainable in their nature or origin.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(No Claim for Attorney's Fees)

23. The Complaint fails to state facts sufficient to support a claim for attorney's fees.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(No Entitlement to Punitive, Special or Compensatory Damages)

24. The Complaint fails to state facts sufficient to support a claim for punitive, special or compensatory damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Set-Off for Damages Claimed)

25. To the extent that Plaintiff has received compensation for his alleged injuries from other sources, or to the extent that a cross-demand for money exists from Defendant to Plaintiff, a damage award in this action, if any, should be offset accordingly.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Joint and Several Liability)

26. To the extent that Defendant is found liable to Plaintiff for any damages, the amount of recovery of any economic and non-economic damages against Defendant shall be calculated in accordance with the principles of California Civil Code sections 1430, *et seq*., and shall be no greater than the amount of damages in direct proportion to the fault of each defendant, if any, relevant to the fault of other persons, firms, corporations, entities or organizations, including Plaintiff.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(No Entitlement to Injunction)

27. The Complaint fails to state facts sufficient to support an injunction because it fails to show that pecuniary compensation will not afford adequate relief to Plaintiff and the putative class members for their alleged injuries.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(No Entitlement to Waiting Time Penalties)

28. Plaintiff and the putative class members' claims for waiting time penalties are barred because a good faith dispute as to the facts and the law that any wages are due precludes imposition of waiting time penalties under California Labor Code section 203.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Reservation of Rights)

29. Defendant has insufficient knowledge or information on which to form a belief as to whether it has any additional, as yet unstated, defenses available. Defendant reserves the right to assert additional affirmative defenses.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Meal and Rest Periods Provided)

30. Plaintiff and/or the putative class members are not entitled to the relief sought in Plaintiff's Complaint for violations of California Labor Code section 226.7 and applicable Wage Orders because, at all relevant times, Defendant provided meal and rest periods by relieving Plaintiff, and the putative class members of all duty for the designated periods and did not impede, discourage, or dissuade Plaintiff and the putative class members from taking meal or rest periods.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Waiver of Meal and Rest Periods)

31. Plaintiff and/or the putative class members are not entitled to the relief sought for the alleged underlying violations of the applicable Industrial Welfare Commission Wage Orders because Plaintiff and/or the putative class members were authorized and permitted to take meal and/or rest periods but chose to waive the meal and/or rest periods.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Failure to Record Time Worked)

32. Defendant is informed and believes and thereon alleges that a reasonable opportunity for investigation and discovery will reveal that the underlying claims of Plaintiff and/or the putative class members, including those regarding meal periods, failure to pay minimum wage, and unpaid overtime, are barred because Plaintiff and/or the putative class members failed to record all alleged time worked as reasonably permitted, expected, or required by Defendant.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Not Hours Worked)

33. Defendant is informed and believes and thereon alleges that a reasonable opportunity for investigation and discovery will reveal that some or all or certain hours claimed by Plaintiff and/or putative class members are not "hours worked" within the meaning of any Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law, so that regular or overtime compensation need not be paid for those hours.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(No Unfair, Deceptive, or Misleading Practice)

34. Defendant cannot be liable for any alleged violation of California Business and Professions Code sections 17200, *et seq.*, because its actions were not unfair, fraudulent, or likely to mislead anyone because, among other things, (1) Defendant's written policies and/or practices provided non-exempt employees an opportunity to take uninterrupted meal periods and rest breaks, and (2) non-exempt employees were required to timely and accurately record all hours they worked to ensure timely and accurate payment of compensation.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Compliance with Statutes)**

35. The Complaint, and each purported cause of action therein, is barred because Defendant and its agents at all times complied and/or substantially complied with all applicable statutes, regulations, laws, and/or interpretive guidance because, among other things, (1) Defendant's written policies and/or practices provided non-exempt employees an opportunity to take

uninterrupted meal periods and rest breaks, (2) non-exempt employees were required to timely and accurately record all hours they worked to ensure timely and accurate payment of compensation, (3) Defendant issued paychecks substantially compliant with California Labor Code section 226 and Plaintiff suffered no actual damages, and (4) Defendant's policies and/or practices required employees to submit all necessary business expenses for reimbursement and Defendant complies with Labor Code sections 2800 and 2802 by indemnifying employees for all necessary business expenses.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(Penalties Unconstitutional)

36. Although Defendant denies that it has committed or has responsibility for any act that could support any recovery against Defendant in this lawsuit, including but not limited to, Plaintiff, and/or the putative class members' causes of action for penalties under California Labor Code §§ 203, 226 1174.5, 2800 and 2802, and any award of restitution under California Business and Professions Code section 17203, based upon asserted interests or injuries of the general public, to the extent any such act is found, such recovery against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and other provisions of the California Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant requests relief as follows:

1. For an order denying class certification;

2. For judgment that the Complaint and each of its causes of action be dismissed and Plaintiff and the putative class members take nothing against Defendant;

3. For reasonable attorney's fees and for costs of suit incurred herein, including expert witness fees; and

/ / /

4. For such other and further relief as this Court may deem just and proper.

Dated: August 6, 2026

PAETKAU LAW GROUP, APC

Tyler M. Paetkau
Kathy Huynh

Attorneys for Defendant
Apple Cinemas Van Ness Inc

# PROOF OF SERVICE

*Lizell Terell Pintily v. Apple Cinemas Van Ness Inc*
Superior Court County of San Francisco Case No. CGC-26-637463

I am a citizen of the United States and employed in San Mateo County, California. I am over the age of eighteen and not a party to the within-entitled action. My business address is 2995 Woodside Road, Suite 400-467, Woodside, California 94062. On August 6, 2026, I served a copy of the within document(s):

**ANSWER BY DEFENDANT APPLE CINEMAS VAN NESS INC TO PLAINTIFF'S UNVERIFIED COMPLAINT**

as follows:

- ☐ by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below. by sealing the document(s) listed above in an envelope and placing it for collection, which would, in the ordinary course of business, be deposited with the United States Postal Service on this date for delivery to the person(s) at the address(es) set forth below.
- ☐ by sealing the document(s) listed above in an envelope and causing them to be personally delivered *via* courier to the person(s) at the address(es) set forth below.
- ☒ by electronically serving the document(s) listed above *via* File&ServeXpress on the recipient(s) designated on the Transaction Receipt located on the File&ServeXpress website.
- ☐ by emailing a true and correct copy of the document(s) listed to the person(s) at the email address(es) set forth below. The transaction was reported as completed and without error.

| | |
|---|---|
| Seung L. Yang (SBN 249857)<br>E-mail: seung.yang@thesentinelfirm.com<br>Tiffany Hyun (SBN 311743)<br>E-mail: tiffany.hyun@thesentinelfirm.com<br>Won Christina Chang (SBN 327168)<br>E-mail: christina.chang@thesentinelfirm.com<br>Diane Le (SBN 348821)<br>E-mail: diane.le@thesentinelfirm.com<br>**THE SENTINEL FIRM, APC**<br>707 Wilshire Blvd., Suite 4700<br>Los Angeles, CA 90017<br>Telephone:(213) 985-1150<br>Facsimile: (213) 985-2155 | Attorney for Plaintiff<br>Lizell Terell Pintily |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 6, 2026, at Woodside, California.

Liliane Lamotte

**From:** FileAndServeXpress
**To:** Tyler Paetkau
**Subject:** Case: CGC-26-637463; Transaction: 80254307 Transaction Receipt
**Date:** Thursday, August 6, 2026 2:07:15 PM

To: Tyler M Paetkau
Subject: Transaction Receipt

This email is to confirm receipt of your documents. The transaction option you selected was "File And Serve". The details for this transaction are listed below.

Court: CA Superior Court County of San Francisco-Civil
Case Name: New Case
Case Number: CGC-26-637463
Transaction ID: 80254307
Authorized Date/Time: Aug 6 2026 2:07PM PDT
Authorizer: Tyler M Paetkau
Authorizer's Organization: Paetkau Law Group APC
Sending Parties:
APPLE CINEMAS VAN NESS INC, a Delaware corporation
Served Parties:
LIZELL TERELL PINTILY, individually, and on behalf of
Document Title(s):
Answer by Defendant Apple Cinemas Van Ness Inc to Plaintiff Unverified Complaint (11 pages)

Link to transaction details page where all documents can be viewed: http://url9504.fileandservexpress.com/ls/click?upn=u001.Pq3R6f12wiw9BwrcdSeRfUhFmFFBNEYRBGV3AiSWToF7jq5DqcgBVPeE3uSQzG-2BNKBwjWtDqSOw-2Fu7h6M-2FF4UhqlaNrvZ-2F4Ap2VIVkZNIag-3DhVDU_i61tICv0r-2BsDRKVItIwfKMppvNuyVVd1JYZj3rjY7nMoPpIOl7vMxiLIASIGbMl-2F80MiCK-2F8Eb-2BBBhbag5amworS1Qf6SY-2BAVrRbkfJjPEZ3XwyvgNCgOBAxZGWfJwxgX5UBxyyIWtVq2GJCkm-2Bl6ws-2FyCY5ETm9Cd4LbwORV9cxCIG3bOLEWndbd-2B-2Fkg1c0JZGAcfmOSe-2BxlIuu8pmVZA-3D-3D

Documents with direct links (The direct links will be available for your convenience for the next 7 days):

Answer by Defendant Apple Cinemas Van Ness Inc to Plaintiff Unverified Complaint (Clerk review status: Pending):
http://url9504.fileandservexpress.com/ls/click?upn=u001.Pq3R6f12wiw9BwrcdSeRfUhFmFFBNEYRBGV3AiSWToGR-2BmNFS9kN-2BGRoMVZx8EtXj98kC44BkHOMm-2BJdBAPwwmtlbKq-2BeFgeXAU7rjPWgk36lEksBD8W-2BfBUa1H4oO0UpJc0LIiFVoxV7rc1mf8wMQ-3D-3DFzzw_i61tICv0r-2BsDRKVItIwfKMppvNuyVVd1JYZj3rjY7nMoPpIOl7vMxiLIASIGbMl-2FxSLebsMvZ-2FajJaNpAmugABxUVfmaXO9FgSbRd4MzWuEuXMbKk9DYhJvOen6TpVDl5qYj2xFPbwGeV94f-2BYy4F-2FbwJcQtr9AVjumZzm13H26kKIHo5xVlQjAJ3vKTsbU49do-2BdMZx-2FDoroM9SJZnt-2FQ-3D-3D

Additional Recipients:
Kathy Huynh
Tiffany Huynh
Won Christina Chang
Diane Le

Thank you for using File & ServeXpress.

Questions? For prompt, courteous assistance please contact File & ServeXpress Client Support by phone at 1-888-529-7587 (24/7).

# EXHIBIT G

Contact Us

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO

Case Number: CGC26637463
Title: LIZELL TERELL PINTILY VS. APPLE CINEMAS VAN NESS INC, A DELAWARE CORPORATION ET AL
Cause of Action: OTHER NON EXEMPT COMPLAINTS
Generated: 2026-08-07 11:48 am

Register of Actions Parties Attorneys Calendar Payments Documents

**Please Note: The "View" document links on this web page are valid until 11:58:28 am**
**After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)**

# Register of Actions

Show All entries Search:

| Date | Proceedings | Document | Fee |
|---|---|---|---|
| 2026-07-24 | ORDER DENYING COMPLEX DESIGNATION FOR FAILURE TO FILE APPLICATION REQUESTING DESIGNATION. | View | |
| 2026-07-13 | SUMMONS ON COMPLAINT (TRANSACTION ID # 80015740), PROOF OF SERVICE ONLY, FILED BY PLAINTIFF PINTILY, LIZELL TERELL , INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED SERVED JUL-09-2026, PERSONAL SERVICE, NO SERVICE FEE AS TO DEFENDANT APPLE CINEMAS VAN NESS INC, A DELAWARE CORPORATION | View | |
| 2026-06-24 | SUMMONS ISSUED (TRANSACTION ID # 79601145) TO PLAINTIFF PINTILY, LIZELL TERELL , INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | View | |
| 2026-05-29 | NOTICE TO PLAINTIFF | View | |
| 2026-05-29 | CIVIL CASE COVERSHEET FILED (TRANSACTION ID # 79601145) FILED BY PLAINTIFF PINTILY, LIZELL TERELL , INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED CASE DESIGNATED COMPLEX LITIGATION | View | |
| 2026-05-29 | OTHER NON EXEMPT COMPLAINTS, COMPLAINT (TRANSACTION ID # 79601145) FILED BY PLAINTIFF PINTILY, LIZELL TERELL , INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED AS TO DEFENDANT APPLE CINEMAS VAN NESS INC, A DELAWARE CORPORATION DOES 1 THROUGH 10, INCLUSIVE NO SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET NOT FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR NOV-25-2026 PROOF OF SERVICE DUE ON AUG-24-2026 CASE MANAGEMENT STATEMENT DUE ON NOV-02-2026 COMPLEX LITIGATION ASSIGNMENT REQUESTED BY FILING PARTIES; FEE INCLUDED IN FILING FEE CLASS ACTION | View | $1435.00 |

Showing 1 to 6 of 6 entries Previous 1 Next